Pittsfield *v.* Barnstead.

PITTSFIELD *v.* BARNSTEAD.

The effect of the statute of July 3, 1841, was to abolish all settlements of paupers gained under laws passed prior to January 1, 1796, and the consequences of those settlements, so far as concerned the liability of towns for the support of paupers.

Taxation is a matter of record, and unless the records are shown to be lost, they are the best and only evidence of taxation.

Lapse of time raises no presumption of the assessment of taxes. The burden of proving taxation is always upon the party alleging it. If the records of the assessment are lost, other evidence may be introduced to supply the deficiency.

Confession of judgment for a portion of a cause of action which is divisible, cannot be construed as an admission in relation to any portion of the residue thereof in respect to which the general issue is pleaded.

ASSUMPSIT, to recover the following sums expended for the relief of paupers, alleged to have their settlement in Barnstead. Writ dated August 29, 1855.

1855.—*May* 21. *Dr.*

| | |
|---|---|
| To board of Sally Willey, 12 weeks, at $1.75 per week, | $21.00 |
| To board of James Willey and Lucy Willey, 12 weeks, at $3.50 per week, | 42.00 |
| To paid Dr. R. P. J. Tenney, for attending Enoch H. Willey, Hiram Willey and James Willey, | 9.00 |
| Total, | $72.00 |

The defendants confessed judgment for the sum of nine dollars, it being for the last item in the plaintiffs' account aforesaid, and pleaded the general issue as to all the residue.

The plaintiffs' counsel, in opening, took the position that said paupers were chargeable to Barnstead, or were county paupers. The plaintiffs proved that said Willeys were paupers in Pittsfield, standing in need of relief; that they made application to the plaintiffs for aid, and had no relatives of sufficient ability, liable by law for their support, and that the aforesaid sums had been expended by the plaintiffs for their support, and that the plaintiffs had served notice upon the defendant town, according to law. Upon the question of settlement the plaintiffs proved the following facts :

Said Sally Willey was married to one Theodore Willey in 1793, and lived with him, in Barnstead, until his death, in 1834, and was never married again.

Enoch H. Willey was a son of Theodore Willey and Sally Willey, and was born in Barnstead in 1794, where he lived until 1830, when he moved into Pittsfield, lived there six or seven years, then went back to Barnstead and lived a short time, then returned to Pittsfield, where he lived until his death, in 1856, except about a year and a half that he lived in Chichester. By the town clerk's books of Pittsfield it appeared that he was taxed in that town for a poll in the years 1845 and 1852, and the books

show no other tax. There was also some evidence to show that he never owned any property of any amount, either real or personal, in said town of Pittsfield.

Hiram Willey was the son of Enoch H. Willey.

James Willey was the son of said Theodore and Sally Willey, and was born in 1811, in Barnstead, where he lived until he was twenty-three years old, since which he lived in Pittsfield until his death, in 1857, except about ten months in New-London, and six months in Tuftonborough. By the town clerk's books of Pittsfield it appeared that he was taxed in that town in 1842, for a poll and one cow ; in 1845 and in 1856 for a poll in each of those years ; and the books show no other tax ; and there was some evidence to show that he never owned real or personal property, except a cow, or some trifling amount of personal property, in said Pittsfield.

Lucy Willey was the wife of said James Willey, married September 15, 1850.

The plaintiffs here rested their case. The defendants offered no testimony. Thereupon the court directed a verdict to be taken for the plaintiffs for the amount claimed, with interest from date of their writ, being eighty-two dollars and seventy-two cents, to which the defendants excepted ; and judgment having been rendered upon said verdict, the defendants filed this bill of exceptions, which was allowed by the court.

*C. H. Butters*, (with whom were *H. A. Bellows* and *T. J. Whipple*,) for the defendants.

*L. W. Clark*, (with whom was *G. W. Morrison*,) for the plaintiffs.

FOWLER, J. By the act of July 3, 1841, (Laws of 1841, ch. 605) it was expressly provided, that thereafterwards no person should be considered to be an inhabitant of, or to have

a settlement in, any town or place in this State, so as to render said town or place liable for his or her support, unless such person had gained a settlement in such town or place, in his or her own right, under or by virtue of some act of the Legislature passed since the thirty-first day of December, A. D. 1795, or unless such person had a settlement in some town or place in this State by deriving the same directly, or through one or more persons, from another who had gained the same under and by virtue of some act passed since that day. These provisions were substantially reënacted in the Revised Statutes, and are still in force. Rev. Stat., ch. 65, sec. 3 ; Comp. Laws 175, sec. 3.

The effect of this enactment was to abolish all settlements gained under laws passed prior to January 1, 1796, and the consequences of those settlements, so far as concerned the liability of towns for the support of paupers. Gilford's Petition, 20 N. H. 278 ; *Gilford* v. *Gilmanton,* 20 N. H. 456 ; *Barnstead* v. *Alton,* 32 N. H. 245 ; *Andover* v. *Merrimack County,* 37 N. H. 437.

We have carefully analyzed the facts proved in the case before us, and compared them with the provisions of the statutes relating to the settlement of paupers, in force since December 31, 1795, without being able to discover any thing in the evidence which fixes the settlement of either of the alleged paupers in the town of Barnstead.

Upon her marriage to Theodore Willey, Sally Willey undoubtedly acquired the settlement of her husband, if he had one ; but this was in 1793, and therefore could not affect the case, even if it were proved, as it is not, that Theodore Willey at that time had his settlement in Barnstead. So, too, the residence of Theodore and Sally Willey in Barnstead, from 1793 to 1796, without being shown to have been warned out, although it may have gained for them a settlement there under the act of February 15, 1791, (N. H. Laws, ed. 1805, p. 301) was entirely inopera-

Pittsfield *v.* Barnstead.

tive for that purpose, under any law passed since December 31, 1795. The birth of Enoch H. Willey, in Barnstead, in 1794, likewise, may have given him a settlement there, if his father then had one; but if it did, both his own settlement, by birth, and that of his father, through which it was acquired, were gained under laws passed and in force before January 1, 1796, and are, therefore, to be wholly disregarded, since the passage of the act of July 3, 1841. So, also, the birth of James Willey, in Barnstead, in 1811, is entirely immaterial upon the question of his settlement, in the absence of any evidence that his father had gained a settlement there after January 1, 1796; and if James had no settlement, Lucy could have acquired none by her intermarriage with him in 1850.

It has been ingeniously urged by the plaintiffs' counsel, that after the lapse of fifty years there arises a legal presumption, from the fact of Theodore Willey's residence in that town, that he was taxed in Barnstead seven years in succession, for his poll at least, so as to gain a settlement there, by taxation, between 1796 and 1807; but we do not understand the rule of law to be so. Selectmen have a right to omit to tax a person for his poll, in order to avoid his gaining a settlement. Besides, the assessment of taxes is a matter of record, and unless the records are shown to be lost, they are the best and only evidence of taxation. If lost, other evidence might undoubtedly be introduced to supply the deficiency; but the burden of proving taxation is always upon the party affirming it, whatever the lapse of time.

We are, therefore, entirely clear that there was no evidence offered in the court below, tending to show conclusively the legal settlement of any one of the alleged paupers in the defendant town; and upon the proof made the defendants would undoubtedly have been entitled to a judgment as of nonsuit, had they moved for it.

Pittsfield *v.* Barnstead.

But it appears that the defendants had filed a confession for the sum of nine dollars, being the amount of the third item of the plaintiff's account—the charge for the medical attendance of Dr. Tenney upon Enoch H. Willey, Hiram Willey and James Willey, three of the alleged paupers, in 1855. It is, therefore, necessary to inquire into the effect of this confession upon the rights and liabilities of the parties respectively.

The precise question involved in this inquiry was considered and determined by this court in *Corey* v. *Bath*, 35 N. H. 531. It was there held, in accordance with a variety of authorities adduced, that where the defendant confesses generally a certain amount of damages, he admits conclusively every fact which the plaintiffs would be obliged to prove to recover that sum, under the circumstances set forth in the declaration.

Applying the doctrine of *Corey* v. *Bath* to the confession before us, the defendants must be holden thereby to have conclusively admitted whatever was necessary to be proved to enable the plaintiffs to recover the last item of the claim specified in the declaration; which was, that Enoch H. Willey, Hiram Willey and James Willey, at the date of the medical attendance rendered them by Dr. Tenney, were paupers in Pittsfield, standing in need of the relief furnished them; had no relations of sufficient ability, liable by law to support them; that the plaintiffs had expended in their support the nine dollars charged, of which the defendants had due and legal notice, and that the persons to whom this relief was furnished had, at the time, their legal settlement in the defendant town. By the confession, therefore, the plaintiffs were entitled to judgment for the amount confessed.

The second item of the plaintiffs' claim was for the board of James Willey, and his wife, Lucy Willey, at about the time of the medical attendance rendered by Dr. Tenney to James Willey. The case finds that Lucy Willey married

James, in 1850, and the statute provides that a married woman shall have the settlement of her husband, if he has or shall acquire any in this State; (Rev. Stat., ch. 65, sec. 1; Comp. Laws 157;) so that, if James Willey had a settlement in Barnstead, his wife must have had one there also.

The case finds that on the trial the plaintiffs proved every thing necessary to enable them to sustain their action as to the first and second items of their account, except the settlement of the alleged paupers. Can, then, the defendants, by their confession of the last item of the account, involving as it does an admission that, so far as that item is concerned, James Willey had his legal settlement in Barnstead, be holden to have thereby made the same admission as to the settlement of said James and his wife, in respect to the second item? In other words, can an admission, expressed or implied in the confession of judgment for the amount claimed in one item of an account, be regarded as made in respect to any other item of the same account to which the general issue is pleaded?

We think clearly not; on the common and familiar principle, that where several pleadings are filed, they are to be tried precisely as if each was pleaded alone, and the admissions expressed or implied in one plea cannot be used as evidence against the party upon other issues. The confession of the amount claimed as due in the third item of the plaintiffs' claim, that claim being in its nature divisible, is to be regarded as in the character of a special plea to that portion of the account as to all the rest of which the general issue was pleaded. And it is well settled, that where there are several distinct pleas, the plaintiff cannot use one plea, or any admission expressed or implied in it, as evidence of a fact which is denied in another plea. So, where there are several issues joined, an admission involved in one does not operate as an admission in relation to any other. *Buzzell* v. *Snell*, 25 N. H. (5 Fost.) 480;

*Kimball* v. *Bellows*, 13 N. H. 68 ; *Bump* v. *Smith*, 11 N. H. 50 ; *Cilley* v. *Jenness*, 2 N. H. 89 ; *Chapman* v. *Sloan*, 2 N. H. 467 ; *Gould* v. *Oliver*, 2 M. & Gr. 208, 233, 234 ; *Montgomery* v. *Richardson*, 5 C. & P. 247 ; Willes 380 ; *Kirk* v. *Nowell*, 1 D. & E. 125 ; 5 Bacon's Abr. 448, Pl. ; *Harrington* v. *McMorris*, 5 Taunt. 228 ; *Elting* v. *Scott*, 2 Johns. 237 ; *Lechmere* v. *Rice*, 2 B. & P. 12 ; *Baillie* v. *Gazelet*, 4 D. & E. 579 ; *Seaton* v. *Benedict*, 5 Bing. 28 ; *Dyer* v. *Ashton*, 1 B. & C. 3.

In *Kirk* v. *Nowell*, 1 D. & E. 118, *Buller*, J., in delivering the opinion of the court, said : " There was never such an idea before, as the counsel against the rule have suggested, that one plea might be supported by what was contained in another. Each plea must stand or fall by itself ; they are as unconnected as if they were on separate records."

Aside from the great weight and uniformity of authority on this question, the manifest injustice of holding the defendants in the present case to have admitted their liability for the second item of the plaintiffs' claim, because they preferred to confess the third item—a very trifling portion of which only may have been for the physician's attendance on James Willey—is quite apparent. The whole third item was only nine dollars, for attendance upon three persons. Supposing one third of the whole amount to have been for attendance upon James Willey, the defendants might well prefer to pay that sum rather than to incur the expense of contesting the question of his settlement, even though fully satisfied the plaintiffs must fail to establish it in the defendant town. To hold that, by signifying their unwillingness to litigate so small a matter, they admitted, for any other purpose and with any other effect, than so far as the trifling amount of the sum confessed was concerned, that James Willey had a legal settlement in Barnstead, would convert an act of commendable prudence and discretion into one of gross folly and imprudence.

Pittsfield *v.* Barnstead.

Since, therefore, there was no evidence offered on the trial to fix the settlement of any of the paupers, the expense of whose support was claimed in the first and second items of the plaintiffs' claim, in Barnstead, and the admission implied in the confession of the third item is not to be used against the defendants as respects the other two, the plaintiffs were only entitled to judgment for the amount of the confession. But the court below directed a verdict for the plaintiffs for the whole amount of their claim, and upon that verdict rendered judgment against the exceptions of the defendants. That judgment must, therefore, be vacated, the verdict be set aside, and the action brought forward at the next term of the Common Pleas for a new trial. If the judgment has been satisfied, a writ of restitution should also be issued, to restore the parties to their former position.

*Exceptions sustained.*